UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-1854 PA (JEMx) | Date | April 25, 2013 |
| Title | Marshall Dennis Silvers v. Wells Fargo Bank, N.A., et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is the Motion to Dismiss filed by defendants Jacob J. Lew, Secretary of the Treasury, and the Federal Housing Finance Agency ("Defendants"). [Docket No. 9.] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 29, 2013 is vacated, and the matter taken off calendar.

Plaintiff Marshall Dennis Silvers ("Plaintiff"), appearing pro se, commenced this action on January 2, 2013 in Los Angeles Superior Court, alleging claims that Defendants violated the Fifth Amendment to the United States Constitution by failing to promulgate rules for a meaningful opportunity to be heard before and after the denial of an application for a mortgage loan modification under the Home Affordable Modification Program ("HAMP").[1/] (See Compl. ¶¶ 208-218.) On March 14, 2013, Defendants timely removed the action to this Court based on their status as agencies and officers of the United States, pursuant to 28 U.S.C. § 1442(a)(1).

In their Motion to Dismiss, Defendants challenge the sufficiency of Plaintiff's allegations in support of his claim and seek their dismissal with prejudice. To date, and one week after Defendants filed a Notice of Non-Opposition to Motion to Dismiss, Plaintiff has failed to file an Opposition to Defendants' Motion despite this Court's warning in its Self-Representation Order that the failure to file a Opposition may result in the dismissal of his action.

---

[1/] As Defendants point out, Plaintiff's Complaint is nearly identical to one filed over a year ago in Los Angeles Superior Court and removed to this Court by the Defendants. In that prior action, Plaintiff challenged the foreclosure of a different property. In similar fashion, Plaintiff failed to respond adequately to any motions to dismiss the first action, despite various extensions of time granted by the Court. Defendants, as well as the entire prior action, were eventually dismissed with prejudice.

Plaintiff also lodges a number of other claims against a number of other defendants, including under the Fair Credit Reporting Act, 15 U.S.C. § 1681. None of those defendants has appeared or, it seems, been served.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-1854 PA (JEMx) | Date | April 25, 2013 |
| Title | Marshall Dennis Silvers v. Wells Fargo Bank, N.A., et al. | | |

As a result of Plaintiff's failure to file an Opposition, the Court grants Defendant's Motion to Dismiss with prejudice. See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); (see also Self-Representation Order at 6 (**"Failure to oppose an otherwise properly supported motion may result in the Court granting that motion.** See Local Rule 7-12. **Depending on the motion, this may result in the dismissal of your case."**) (emphasis in original).) The Court may, and does, grant the Motion to Dismiss on the basis of Plaintiff's failure to respond to it in any way. See Glassman v. Raytheon Non-Bargaining Ret. Plan, 259 Fed. Appx. 932, 933 (9th Cir. 2007) ("[Plaintiff] filed her opposing papers four days late . . ., and the district court did not abuse its discretion in dismissing her complaint for failure to comply with a local rule.") (citing Local Rule 7-12); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (upholding district court's dismissal of federal prisoner's § 1983 action under analogous local rule for failing to timely respond to motion to dismiss); Nachum v. M.U.S.A., Inc., 2011 U.S. Dist. LEXIS 126132 (C.D. Cal. Nov. 1, 2011) (dismissing action pursuant to Local Rule 7-12 where plaintiff failed to respond to order to show cause).[2/]

Accordingly, the Court grants Defendants' Motion to Dismiss. Defendants Timothy Geithner and the Federal Housing Finance Agency are hereby dismissed from this action with prejudice.

IT IS SO ORDERED.

---

[2/] Defendants assert that Plaintiff lack standing to assert claims against them, because his injury is not fairly traceable to any action or inaction by them, and because any order of this Court would be unlikely to redress the harms allegedly suffered by Plaintiff. The Court agrees.